UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ERIC D. SWEET,

    Petitioner,

v.                                          Case No. 5:23-cv-90-MW-MJF

RICKY DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Eric D. Sweet, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, with supporting memorandum. Docs. 1, 2. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 16. Sweet opposes the motion. Doc. 18. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Sweet's petition should be dismissed as time-barred.

### I. BACKGROUND AND PROCEDURAL HISTORY

In Bay County Circuit Court Case No. 2014-CF-4419, Sweet was convicted of Trafficking in Oxycodone. Doc. 16, Ex. A at 119-23 (J. &

Sentence).[1] The trial court sentenced Sweet to 25 years of imprisonment with a 7-year mandatory minimum. *Id*. The Florida First District Court of Appeal ("First DCA") affirmed the judgment on June 15 2017, without written opinion. *Sweet v. State*, No. 1D16-1561, 227 So. 3d 574 (Fla. 1st DCA 2017) (Table) (per curiam) (copy at Ex. L). Sweet's motion for rehearing was denied on July 21, 2017. Ex. N. Sweet did not seek further direct review. Doc. 1.

On September 17, 2018, Sweet filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he twice amended. Ex. P at 9-130 (Mot.), 136-243 (Am. Mot.), 248-302 (Second Am. Mot.). The state circuit court denied the second amended motion on the merits. Ex. P at 303-412. The First DCA affirmed without written opinion. *Sweet v. State*, No. 1D19-3354, 304 So. 3d 1220 (Fla. 1st DCA 2020) (Table) (per curiam) (copy at Ex. Q). The mandate issued November 23, 2020. Ex. R.

---

[1] Citations to the state-court record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 16. Citations to page numbers of exhibits are to the numbers appearing at the bottommost center of the page.

On August 12, 2021, Sweet filed a *pro se* habeas corpus petition in the state circuit court alleging three additional claims of ineffective assistance of trial counsel. Ex. S. The state circuit court construed the petition as a Rule 3.850 motion and dismissed it as untimely and successive. Ex. T. The First DCA affirmed without written opinion. *Sweet v. State*, No. 1D21-3571, 345 So. 3d 869 (Fla. 1st DCA 2022) (Table) (per curiam) (copy at Ex. W). The mandate issued September 15, 2022. Ex. Z.

Sweet filed his federal habeas petition and supporting memorandum on March 27, 2023. Doc. 1; Doc. 2 at 1 (Prison Date Stamp). Sweet's petition raises three claims of ineffective assistance of trial counsel. The State moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1). Doc. 16.

## II. Discussion

### A. The Federal Habeas Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Sweet's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a

state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

B.    **Sweet's Habeas Petition Is Untimely**

Sweet does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered

through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Sweet's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Sweet did not seek further direct review in the United States Supreme Court. Accordingly, Sweet's judgment became "final" for purposes of 2244(d)(1)(A), on October 19, 2017, when the 90-day period for him to file a certiorari petition in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the United States Supreme] Court . . . expires.").

The federal habeas limitations period began to run one day later, on October 20, 2017, and was set to expire one year later absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (AEDPA's limitations period begins to run on the day *after* the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's limitations period should be calculated according to the

"anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Sweet allowed 332 days of the limitations period to run before filing his first Rule 3.850 motion on September 17, 2018. As a result of the filing of his Rule 3.850 motion, the limitations period was statutorily tolled from September 17, 2018 (the date the motion was filed) until November 23, 2020 (the date the mandate issued in Sweet's postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the federal habeas limitations period, until the appellate court's issuance of the mandate on appeal).

The limitations clock started running again on November 24, 2020, and expired 33 days later on December 28, 2020.[2] Sweet's state habeas petition filed after December 28, 2020, did not trigger the tolling benefit of § 2244(d)(2), because the limitations period already had expired. *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (a state-court application for postconviction relief cannot toll the federal

---

[2] December 26, 2020, was a Saturday. Accordingly, Sweet had until the following Monday, December 28, 2020, to file his federal habeas petition. Fed R. Civ. P. 6(a)(1)(C).

habeas limitations period if the period already has expired); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Nor did Sweet's later filing reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Sweet's § 2254 petition, filed on March 27, 2023, is untimely *by over two years*.

C.   <u>**Sweet's Untimely Petition Should Be Dismissed**</u>

Sweet does not allege that he is entitled to equitable tolling or any other exception to the limitations bar. His allegations of legal innocence due to (1) the trial court's misinterpretation of the criminal statute and (2) his having been entrapped, Doc. 2, do not state a plausible claim of factual innocence to overcome the limitations bar. *See House v. Bell*, 547 U.S. 518, 537-38 (2006); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 324, 326-27 (1995).

Moreover, Sweet's argument in opposition to dismissal—that the limitations period did not begin to run until he exhausted his state postconviction remedies—should be rejected. Doc. 18 at 3. Sweet's

proposed interpretation of § 2244(d) is contrary to the plain language of the statute.

Courts are required to construe statutes in a manner that is consistent with the intent of Congress as expressed in the plain meaning of the statute's text. *Stansell v. Revolutionary Armed Forces of Colombia*, 704 F.3d 910, 915 (11th Cir. 2013) ("Our analysis must begin with the language of the statute."); *see also CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) ("[W]e begin our construction of a statutory provision where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). The most persuasive evidence of Congressional intent is the wording of the statute. *Perry v. Com. Loan Co.*, 383 U.S. 392, 400 (1966).

Section 2244(d)(1) enumerates four events that trigger the commencement of the limitations period. The exhaustion of state court remedies (i.e., the completion of state postconviction proceedings) is not one of those events. Although state postconviction proceedings may affect the *tolling* of the limitations period, *see* § 2244(d)(2), they do not affect the date on which the limitations period *commences. See Payton v.*

*Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) ("The plain language of the statute indicates that an application for state post conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute of limitations."); *see also e.g., Donovan v. Dixon*, No. 3:21-cv-1027-MCR-MJF, 2022 WL 2820751, at *5 (N.D. Fla. Mar. 29, 2022), *report and recommendation adopted*, 2022 WL 2818271 (N.D. Fla. July 19, 2022).

Sweet's untimely petition, therefore, should be dismissed.

### III. A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a

constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

    The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there

is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 16, be **GRANTED**.

2. The petition for writ of habeas corpus, Doc. 1, challenging the judgment of conviction and sentence in *State of Florida v. Eric Sweet*, Bay County Circuit Court Case No. 2014-CF-4419, be **DISMISSED WITH PREJUDICE** as time-barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this <u>6th</u> day of October, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.**

*See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**